**Rickey Edwin MINNICH, Appellee,**

v.

**Jo Ann MINNICH, Appellant.**

No. 82763.

Court of Appeals of Oklahoma,
Division No. 3.

April 18, 1995.

Lauren LeBlanc Day, Oklahoma City, for appellant.

James E. Pence, Pence & Housley, Norman, for appellee.

## MEMORANDUM OPINION

GARRETT, Chief Judge:

Rickey Edwin Minnich (Appellee) and Jo Ann Minnich (Appellant) were divorced in 1992. At that time, the minor children born of the marriage were seven, four and two years of age. All issues were settled by agreement, and the court entered judgment in accordance with their settlement. Appellant was awarded custody of the children. Appellee was ordered to pay child support in an amount in excess of the requirements of the statutory Child Support Guidelines.

At the time of the divorce, Appellant was working 32 hours a week as a pharmacist for Jewel–Osco. Her monthly income was $3,169.00. Shortly after the divorce, Jewel–Osco was bought by Albertsons. Appellant was required to work 40 hours per week or quit her job. She chose to continue working for Albertsons. On some occasions, Appellant was required to work 14 hour days and evenings after the buy-out. The children were in day care. By agreement, Appellee assisted Appellant by picking up the children when Appellant was required to work late. However, Appellant and Appellee reached a point when they could no longer cooperate and Appellee ceased picking up the children.

Appellant's income increased when she began to work a 40 hour week. Appellant continued to work for Albertsons for approximately a year and a half after the buyout. She testified she sent out resumes during approximately 10 months of that time. After 15 to 16 months, Appellant obtained an eight-to-five position which paid $3,826.00 per month or $45,912.00 per year. Appellant testified the salary for the position at Albertsons could have been $50,000.00 annually. The record showed Appellee's income had gone from $6,465.00 per month to $6,775.00, but at the time of the hearing on the motion to modify, his income was $6,327.00.

Appellee filed a motion to modify the child support alleging there had been a change in circumstances. Appellant obtained a position as a consulting pharmacist for nursing homes. She testified she accepted the change in position so that she would have more time to spend with the children, and because it required less hours per week than her former position. She changed jobs at approximately the time the motion to modify was filed. The position paid $2,792.00 per month or $33,504.00 per year. Appellee contends Appellant took the new job so that her salary would be reduced and for the advantage it would give her for the purpose of computing child support under the guidelines. Appellant testified she took two of the children out of their day care situation and placed them in a parochial school due to the increasingly serious trouble the middle child was getting into in the day care. Appellant testified this change in schools increased the cost of child care.

The court granted Appellee's motion to modify and found *inter alia:* "after the original Decree of Divorce was entered [Appellant's] earnings increased substantially, that [Appellant] is capable of making $50,000.00 per year gross earnings, and that [Appellant] has voluntarily taken a less stressful job with less gross income." The court imputed an annual income of $45,000.00 [not $50,000.00] to Appellant when it calculated child support. The court found Appellee's income to be $5,055.00 per month. The court arrived at the figure for Appellee by deducting his business expenses from the gross commissions he earned as a salesman. Appellee testified he was required to entertain clients including meals and take vacations with clients.

Appellant contends the court erred in granting the motion to modify because there was no material change in circumstances as required by 43 O.S.Supp.1993 § 118(19). However, the record shows Appellant had an increase in income after the divorce. That Appellant's income was not at that same level when the hearing on the motion to modify occurred does not negate that change in circumstances. The change of schools and its concomitant change in costs was another material change allowing the court to review child support. Another material change was the increasing lack of cooperation between the parties in determining their children's best interests. Appellee claims Appellant, as custodial parent, would not even discuss decisions relating to the children, and this was a major factor in their "falling out" and the resulting failure of the parties to cooperate with each other.

Appellant contends the court erred in imputing Appellant's income to be $45,000.00 per annum for purposes of calculating child support. 43 O.S.Supp.1993 § 118(4) allows the court use actual monthly income *or* the average gross income for the time employed during the last three years *or* the minimum wage paid for a forty hour week (which is inapplicable here) *or* to impute income to a parent if it is equitable to do so. The evidence, and the conclusions to be drawn therefrom, was disputed. Reasonable people could have different opinions. The trial court observed the witnesses, heard the testimony, and drew its conclusions. The trial court is in the best position to do so. We cannot say the decision of the trial court imputing income to Appellant was against the clear weight of the evidence. There has been no showing of abuse of discretion in that respect.

When the court modified the child support, it found the child care costs were to be based on the actual costs of the old day care arrangement, and that it would not consider the increase in child care that occurred when the children were moved to parochial school. Appellant contends this was error. 43 O.S.Supp.1993 § 118(12) provides:

The court shall then determine the "actual" child care expenses reasonably neces-

sary to enable the parents to maintain employment or to conduct an active search for employment.

The statutes do not require the court to require the parties to shop for child care costs and to do that which is the least expensive. Many factors must be considered, not the least of which is the best interests of the child. Any parent must take the best interests of the child into consideration. The definition of custody is safekeeping. The custodial parent has a special burden to act in the best interests of the child or children entrusted to his/her safekeeping. Appellant chose to move two of the children to what Appellant considered a more structured and safer environment with a better disciplinary situation. The attendant child care costs increased. These are "actual" costs as defined by § 118(12). A finding by the court that the child care costs is "frozen" at the rate it was at the day care the children used at the time of divorce is erroneous. Reasonableness is an issue. This case must be remanded for further proceedings to determine the actual child care costs, and if reasonable, to use the correct amount in the child support calculation.

Appellant contends it was error for the court to allow a reduction in Appellee's income of 17.2% for purposes of calculating child support. This figure was based on the deductions Appellee took as business expenses off his gross income for income tax purposes. A review of the record shows Appellee to be a commissioned salesperson who deducts ordinary and necessary business expenses from gross receipts. The deductions include: expenses, meals, entertainment and car depreciation. 43 O.S.Supp. 1993 § 118(B)(3) requires the court to carefully review income and expenses from the operation of a business and determine an appropriate level of gross income to be used to determine the amount available to use in calculating child support. Taxable income on an income tax return does not control "income" for child support purposes. We see no error in deducting business expenses from gross income. However, the reasonableness of deducting the cost of vacations is questionable. On remand, the reasonableness of all

deductions from gross commissions must be determined, and Appellee's correct income must be used in calculating child support.

▉ In determining reasonableness of deducting a business expense from gross income for the purpose of determining income for child support purposes, the court should consider the benefit, if any, to the party. For example, taking a business expense deduction for use of an automobile in business, for tax purposes, may well be an indirect benefit to that party because less income tax will be paid and, possibly, it may result in that party not being required to purchase and maintain another automobile for personal use. This is just one example of the careful review required by § 118(B)(3).

▉ Finally, Appellant contends the court erred in failing to tie tax exemptions to the payment of child support. The court gave Appellant two deductions and Appellee one deduction in the first year, with Appellant getting one deduction and Appellee getting two deductions the next year and similarly alternating each year thereafter. It is within the discretion of the court to allocate such exemptions. We see no abuse of discretion. This portion of the decision is affirmed.

Appellant requests attorney fees on appeal. The request is denied. Each party is directed to pay their own appellate attorney fees.

The judgment fixing child support is vacated. This case is remanded for further proceedings consistent with this opinion for the purpose of determining the amount of child support Appellee will be ordered to pay.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

HUNTER, J., concurs.

ADAMS, J., concurs in part and dissents in part.